HON. HEYMAN ROTHHART Counsel Division of Veterans Affairs
I acknowledge receipt of your letter inquiring whether the male surviving spouse of a female veteran who was at the time of her death a recipient of or eligible for the blind veteran's annuity under Executive Law, § 362, subdivision 1, is entitled to receive the survivor's annuity provided for in Executive Law, § 362, subdivision 2, to the same extent and under the same circumstances as is a female surviving spouse of a male veteran who was at the time of his death a recipient of or eligible for the blind veteran's annuity.
Executive Law, § 362, subdivision 1, provides for the payment of the blind veteran's annuity to veterans and subdivision 2 provides for the payment of an annuity to widows of blind veterans. Subdivision 2 of that section is couched in the masculine gender in relation to veterans and in the feminine gender in relation to a surviving spouse.
Executive Law, § 350, provides, in part:
"§ 350. Definitions
"When used in this article:
* * *
 "3. The term `veteran' means a person, male or female, resident of this state, * * *."
General Construction Law, § 22, provides:
"§ 22. Gender
 "Words of the masculine gender include the feminine and the neuter, and may refer to a corporation, or to a board or other body or assemblage of persons; and, when the sense so indicates, words of the neuter gender may refer to any gender."
In my opinion, as used in Article 17 of the Executive Law (§§ 350 through 364), the word "veteran" includes both male and female persons who otherwise qualify and the word "widows" as contained in Executive Law, § 362, subdivision 2, must be read so as to include the word "widowers" and it is my opinion that a male surviving spouse of a female veteran who was at the time of her death a recipient of or eligible for the blind veteran's annuity is entitled to the survivor's annuity to the same extent and under the same conditions as would be a female surviving spouse of a deceased male veteran who was a recipient of or eligible for those benefits. The Equal Protection Clauses contained in the Fourteenth Amendment to the Constitution of the United States and in the Constitution of the State of New York, Article I, § 11, require the same conclusion.